J-S11027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIA DEDOS | : | |
| | : | |
| Appellant | : | No. 2669 EDA 2018 |

Appeal from the Order Entered August 15, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002734-2016

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MARCH 21, 2019**

Maria Dedos (Appellant) appeals from the order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In this appeal, Appellant's court-appointed counsel, Scott D. Galloway, Esquire (Counsel), filed a petition for leave to withdraw as counsel and an "***Anders*** brief."[1] Because we conclude that Counsel fulfilled the procedural requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and

---

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

this appeal is without merit, we grant Counsel's petition to withdraw and affirm the PCRA court's order denying Appellant's PCRA petition.

The PCRA court summarized the factual and procedural history of this case as follows:

On March 22, 2016, Ridley Township police officers were dispatched to a Wawa convenience store, where a woman was alleged to be harassing patrons and employees while possibly under the influence. There they encountered [Appellant] who cursed and screamed at them – as well as store employees and customers . . . . After she refused to comply with their demands that she leave the store, the officers arrested her, but only after she actively resisted them. When taken to the police station, she refused to comply with their reasonable demands and even kicked one officer. She was charged with Aggravated Assault, Simple Assault, Harassment, Resisting Arrest, and two counts of Disorderly Conduct.

On June 29, 2016, [the trial court] entered an Order granting a Petition for Involuntary commitment due to incompetence, not to exceed 60 days. On September 27, 2016, [the trial court] ordered that [Appellant] be re-examined to determine if she was competent to stand trial. On September 30, 2016, Jeffrey M. Lazaroff, Ph.D. conducted a psychological competency examination and concluded that she was competent.

The Commonwealth extended a plea bargain offer to [Appellant's] court-appointed counsel but, against his recommendation, she rejected it and opted instead to go to trial.[2] On December 14, 2016, [the trial court] conducted a bench trial, at which the Commonwealth withdrew the disorderly conduct offenses. After hearing evidence and arguments of counsel, [the trial court] found

_____

[2] Appellant was originally represented by court-appointed counsel, Nusrat Rashid, Esquire. However, Appellant later retained Anthony List, Esquire, as private counsel, who entered his appearance on November 20, 2016.

[Appellant] guilty of the four remaining charges. On February 28, 201[7], [the trial court] imposed sentences on all four counts.[3]

PCRA Court Opinion, 11/13/18, at 1-2 (unpaginated) (original footnote omitted)

On August 14, 2017, Appellant filed a *pro se* PCRA petition, in which she alleged that trial counsel, Anthony List, Esquire, was ineffective. The PCRA court appointed Counsel, who filed two amended petitions on April 10, 2018 and May 7, 2018 raising additional claims. The Commonwealth filed a response on May 30, 2018. The PCRA court held a hearing on Appellant's petition on June 27, 2018, at the conclusion of which the court orally denied Appellant's request for relief. On August 15, 2018, the PCRA court issued an order formally denying Appellant's petition for post-conviction relief. This timely appeal followed.

On January 8, 2019, Counsel filed a petition to withdraw with this Court, attaching his no-merit letter, with notice to Appellant that she had the right to proceed *pro se* or retain private counsel. Appellant filed a *pro se* response to Counsel's no-merit letter indicating that she wished to continue with her appeal *pro se*; Appellant's response did not raise any additional issues for our review and consideration.

Appellant presents one issue for our review:

I. WAS THE [PCRA] COURT IN ERROR FOR DISMISSING APPELLANT'S PETITION FOR POST CONVICTION RELIEF ALLEGING THAT TRIAL COUNSEL WAS INEFFECTIVE IN

---

[3] The trial court sentenced Appellant to an aggregate 21 to 42 months of incarceration, followed by one year of probation.

> FAILING TO MAKE A TIMELY REQUEST AS TO A VIDEO THAT EXISTED FROM A WAWA FOOD MARKET AS WELL AS THE RIDLEY TOWNSHIP POLICE DEPARTMENT?

*Anders* Brief at 4.

In reviewing the denial of a PCRA petition, our review is limited to examining whether the PCRA court's findings are supported by the record and free of legal error. *See Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011). We view the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party. *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

As noted, Counsel has filed in this Court a petition for leave to withdraw as counsel and an appellate brief. Before we may review the merits of Appellant's claim, we must determine if Counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to *Turner/Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral appeal] is permitted." *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

- 4 -

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted). Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (i) a copy of both the no-merit letter, and (ii) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. *Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, . . . this Court[ ] must then conduct its own review of the merits of the case. If the [C]ourt agrees with counsel that the claims are without merit, the [C]ourt will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the [C]ourt will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Upon review of Counsel's petition for leave to withdraw and the appellate brief submitted on Appellant's behalf, we conclude that Counsel has substantially complied with the procedural requirements of *Turner* and *Finley*, as restated in *Pitts*. Counsel identified the claim asserted by

Appellant, reviewed the merits of that claim and explained why the claim lacks merit. Finally, Counsel also represented to this Court that he has provided Appellant with notice of his intention to seek permission to withdraw from representation, a copy of the appellate brief, and advised Appellant she may proceed with privately retained counsel or *pro se*. **See** Application to Withdraw Appearance, 1/8/19. Thus, we conclude that Counsel has complied with the requirements necessary to withdraw as counsel. We now turn to an independent review of Appellant's PCRA petition to ascertain whether her claim entitles her to relief.

Appellant's issue, as raised by Counsel in his no-merit brief, asserts that the PCRA court erred in denying Appellant's PCRA petition because trial counsel was ineffective for failing to make timely requests and obtain video footage of the incidents at the Wawa convenience store and at the Ridley Township Police Department.

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted).

Regarding whether counsel had a reasonable basis for his or her action or inaction, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of the three prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

Appellant alleges trial counsel ineffectiveness for failing to request and obtain video footage of the incidents that gave rise to the criminal charges filed against her. ***See*** Amended Petition for Post Conviction Relief, 5/7/18, at ¶ 4-6. Appellant surmises that "[Attorney] List knew that there was video taken by cameras, both within the Wawa as well as the Ridley Township Police Department but did not take any steps to procure said videos and examine same." ***Id.*** at ¶ 6.

Appellant's argument lacks arguable merit. As the PCRA court recognized, "[Appellant's] argument fails because she has not located any

video footage. She cannot, therefore, be heard to say that it would have been of assistance to her case at trial." PCRA Court Opinion, 11/13/18, at 6 (unpaginated). Counsel testified at the PCRA court hearing that he attempted to obtain videos of the incidents, but learned that no videos existed. *See* N.T., 6/27/18, at 11, 30. Appellant likewise testified during the PCRA hearing that she was aware Counsel attempted to obtain the videos, but was told no videos existed. *Id.* at 38-39. Because video footage of the incidents do not exist, Counsel cannot be found to be ineffective for failing to obtain them.

Further, even if the video footage did exist, Counsel had a reasonable basis for not obtaining it. The incident giving rise to Appellant's convictions occurred on March 22, 2016. In response to the request for video surveillance footage, Wawa indicated that its store surveillance automatically recycles every 52 days. *See* Commonwealth's Response to Defendant's Amended POST-Conviction Relief-Act Petition, 5/30/18, at Ex. 3. Similarly, the Ridley Township Police Department explained that video footage taken at the station is erased every 30 days. *Id.* at Ex. 2. Appellant retained Counsel on November 20, 2016, several months after the 30-day and 52-day periods when video surveillance is erased at the Ridley Township Police Department and Wawa, respectively.

For these reasons, the PCRA court properly denied Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/19